## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

KATRINA A. RAUTHE,

                                                  CV 10-47-M-DWM-JCL

                 Plaintiff,

        vs.

                                            ORDER

METROPOLITAN LIFE INS. CO.,

                 Defendant.

_____

This ERISA  action comes before the Court on Plaintiff Katrina Rauthe's ("Rauthe")  motion for leave to conduct discovery into the extent of the conflict of interest under which Defendant Metropolitan Life Insurance Company ("MetLife") was admittedly operating when it denied her claim for accidental death benefits.  Rauthe's motion is granted to the extent set forth below.

I.    Background

Rauthe's husband, Jason, died on August 8, 2009, as the result of injuries he sustained in an ATV four-wheeler accident.  At the time of the accident, Jason Rauthe, was a participant in a Group Term Life and Accidental Death & Dismemberment Plan ("the Plan") maintained by his employer.  The Plan is an

1

employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.  MetLife is the Plan administrator and insurer, responsible both for determining benefit eligibility and paying benefits.  As MetLife concedes, this dual responsibility gives rise to a structural conflict of interest. Dkt. 17, ¶5.

After her husband's death, Rauthe submitted an accidental death benefit claim under the Plan. MetLife denied Rauthe's claim based on the Plan's so-called intoxication exclusion, which provides that benefits are not payable "if the injured party is intoxicated at the time of the accident, *and* the operator of a vehicle or other device involved in the accident."  Dkt. 18-1, at 33.  Citing the results of a toxicology report from the Kalispell Regional Medical Center, MetLife denied Rauthe's claim on the ground that her husband's blood alcohol level at the time of the accident exceeded the level that creates a legal presumption of intoxication under Montana law.  Dkt. 18-1, at 90.

In April 2010, Rauthe commenced this action in state court, seeking judicial review of MetLife's decision denying her claim.   Dkt. 1-1.  MetLife subsequently removed the case to this Court based on federal question jurisdiction under ERISA and diversity jurisdiction.  Dkt. 1.  Rauthe has now moved for leave to conduct

limited discovery to determine the extent of MetLife's conflict of interest as the
Plan insurer and administrator.  Dkt. 19.

II.    Discussion

Generally, litigants in a civil action may obtain discovery regarding "any
nonprivileged matter that is relevant to any party's claim or defense...."  Fed. R.
Civ. P. 26(b)(1).  In an ERISA case such as this one, however, discovery plays a
far more limited role because the primary purpose of ERISA is "to provide a
method for workers and beneficiaries to resolve disputes over benefits
inexpensively and expeditiously."  *Boyd v. Bert Bell/Pete Rozelle NFL Players
Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005).

Whether discovery is appropriate in an ERISA case "is directly related to
the standard of review employed by the Court."  *Santos v. Quebecor World Long
Term Disability Plan*, 254 F.R.D. 643, 647 (E.D. Calif. 2009).  When an ERISA
plan grants discretion to the plan administrator, the court reviews the benefits
decision for an abuse of discretion.  *Abatie v. Alta Health & Life Insurance Co.*,
458 F3d 955, 967 (9th Cir. 2006).  The court's review in such a case is informed by
"the nature, extent, and effect on the decision-making process of any conflict of
interest that may appear in the record."  *Abatie*, 458 F.3d at 967.  In other words,
any "conflict should be weighed as a factor in determining whether there is an

3

abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).   The significance of that "factor will depend upon the circumstances of the particular case." *Glenn*, 554 U.S.

Thus, while abuse of discretion review is typically confined to the administrative record, the "court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie,* 458 F.3d at 970.  "[T]he decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." *Abatie*, 458 F.3d at 970.

Citing *Abatie* and *Glenn*, Rauthe argues she is entitled to conduct limited discovery into the nature, extent, and effect of the conflict of interest under which MetLife was admittedly operating when it denied her claim.  MetLife resists Rauthe's motion, arguing as a threshold matter that because it has admitted a structural conflict, no further discovery is necessary.

Under *Glenn* and *Abatie*, however, the Court has discretion to allow limited discovery, not just into the presence of a conflict of interest, but into the nature, extent, and effect of such a conflict.  Since *Glenn* and *Abatie,* courts in the Ninth Circuit "have, by and large, allowed limited and narrowly tailored discovery into

4

both demonstrating and probing conflicts of interests." *Stephan v. Thomas Weisel Partners, LLC*, 2009 WL 2511973 * 9 (N.D. Cal. 2009).  By the same token, however, any discovery that is allowed "must be narrowly tailored to reveal the nature and extent of the conflict, and must not be a fishing expedition." *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010).

At this juncture, the Court is faced only with the question of whether Rauthe should be allowed to initiate limited discovery into the nature and extent of MetLife's admitted conflict of interest.  Under *Glenn* and *Abatie*, such limited discovery is appropriate.  Rauthe proposes that she be allowed "to discover, for example, what procedures and policies [MetLife] follows to investigate claims, what information was used and communicated to those who made the decision to deny benefits in this case, what is [MetLife's] record on denying claims, and what investigation was done to determine the accuracy of the blood alcohol level obtained from Jason."  Dkt. 20, at 4-5.

To the extent Rauthe argues she should be allowed to conduct limited discovery into MetLife's claims investigation policies and procedures, and their record on denying claims, she is correct.  Limited discovery into these areas may relate to the nature and extent of MetLife's conflict of interest, as the entity responsible both for deciding whether to award benefits and for paying those

5

benefits.  *See e.g. Glenn*, 128 S.Ct. at 2351 (stating that a conflict of interest "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration"); *Wilcox v. Metropolitan Life Ins. Co.*, 2009 WL 5703 *3 (D. Ariz. 2009) (allowing plaintiff to conduct limited discovery into defendant's general approval and termination rates for long-term disability claims and claims involving plaintiff's medical issue); *Bronner v. Uum Life Ins. Co. of America*, 2009 WL 248175 *4 (N.D. Cal. 2009).

Rauthe also maintains that she should be allowed to conduct discovery into what information was used and communicated to those at MetLife who made the decision to deny her claim for benefits, and the thoroughness of MetLife's investigation into the accuracy of the blood alcohol test on which that decision was based.  Unlike the more general areas proposed above, however, it appears that these lines of inquiry would relate only to Rauthe's individual claim and shed no light on the nature or extent of MetLife's conflict of interest.   Rauthe is not entitled to conduct discovery that would merely duplicate information available in the administrative record.

III.    Conclusion

For the reasons set forth above,

IT IS ORDERED that Rauthe's motion for leave to conduct limited discovery into the nature, extent, and effect of MetLife's conflict of interest is GRANTED.  In the event any particularized discovery disputes arise, the Court will address them at that time.

DATED this 1st day of September, 2010.


  /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge